MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695
email michaellehners@yahoo.com
Attorney for Chapter Seven Trustee
Donald Gieseke

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

| | |
|---|---|
| IN RE<br><br>PATMONT MOTOR WERKS, INC.,<br><br>Debtor(s).<br>___________________________/ | BK-N- 12-52799-btb<br>CHAPTER 7<br>Hearing Date: __________<br>and Time:__________<br>Mtn No. ___________<br>Est Time: 5 Minutes<br>MOTION TO APPROVE COMPROMISE OF CLAIM |

COMES NOW Chapter Seven Trustee above named by and through undersigned counsel and files the following Motion to Approve the Compromise of the Estate's claim against Steven Patmont, Hannalore Patmont aka Hannelore Patmont.

**1. Background**

The Debtor filed bankruptcy under Chapter Eleven of Title Eleven, United States Code on December 14, 2012. On November 12, 2014 this Court entered an Order converting the case to one under Chapter Seven. Donald Gieseke was appointed as the Chapter Seven Trustee.

Steven Patmont is the president of Patmont Motor Werks, Inc., and he owns 50% of the capital stock. Hannalore Patmont is the treasurer of Patmont Motor Werks, Inc., and she owns 50% of the capital stock. The

Patmonts made significant capital investments to Patmont Motor Werks. As of January 1, 2012 the Debtor owed the Patmonts in excess of $1,500,000.00.

Sometime after January 1, 2012 but before December 14, 2012 Steven and Hannalore Patmont received payment of approximately $89,000.00 from Patmont Motor Werks. Steven and Hannalore Patmont continued to make capital contributions to the Debtor during the 2012 year.

On June 23, 2015 the Trustee filed an adversary proceeding against Steven and Hannalore Patmont for recovery of alleged preferential transfers. The parties have exchanged documents, conducted a Rule 26(f) meeting and attended the adversary scheduling conference. The Defendant had scheduled a deposition of the Trustee on December 14, 2015, but the parties reached a settlement prior to the deposition.

The parties have agreed that the Defendants shall pay the Trustee the sum of $10,000.00 to settle the alleged preferential transfers in full.

**2. Authority**

Federal Rule of Bankruptcy Procedure 9019 governs compromises of settlement in bankruptcy. It provides, in pertinent part:

> (a) Compromise. On motion by the trustee and after a hearing on notice to creditors, the debtor and indentured trustee as provided in Rule 2002(a) and to such other entities as the court may designate, the court may approve a compromise or settlement.

Fed.R.Bankr.P. 9019(a).

Generally, compromises are favored in bankruptcy. See, 9 *Collier on Bankruptcy*, ¶ 9019.03[1] (15th ed. 1990). The law favors

compromise and not litigation for its own sake, *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976), and as long as the bankruptcy court amply considers the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed. *Matter of Walsh Constr., Inc.*, 669 F.2d 1325, 1328 (9th Cir.1982).

Thus, the court must consider whether the settlement is reasonable given the particular circumstances of the case. *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986). In the Ninth Circuit, the fair and equitable settlement standard requires consideration of:

1. The probability of success in the litigation;
2. The difficulties, if any, to be encountered in the matter of collection;
3. The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it;
4. The interest of the creditors and a proper deference to their reasonable views in the premises, which is considered paramount.

Id., quoted with approval in In re *Woodson*. 839 F.2d 610, 620 (9th Cir.1988). The Court need not conduct a mini trial, but should canvass the issues in order to determine that the settlement meets the standards set forth in *A & C Properties*. *In re Schmitt*, 215 B.R. 417, 423 (9th Cir BAP 1997). When assessing a compromise. courts need not rule upon disputed facts and questions of law, but rather only canvass the issues. Otherwise, there would be no point in reaching a settlement, and the parties may as well try the case. *In re HyLoft*. 451 B.R. 104, 109 (Bkrtcy. D. Nev. 2011).

**A. Probability of Success**

The issue that would have to be litigated is whether the distributions to the Patmonts was on account of a debt or equity. *In re Pacific Express, Inc.*, held that the Code did not authorize courts to characterize claims as equity or debt, but limited courts to the statutory remedy of equitable subordination under 11 U.S.C. § 510. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1147-48 (9th Cir. 2013) overruled *Pacific Express*, holding that the Bankruptcy Code gives courts the authority to recharacterize claims in bankruptcy proceedings.

The Trustee would point out that the Debtor's Amended Statement of Financial Affairs indicates that $113,000.00 was paid out as capital contributions during the 2012 year. See (DE35).

This is not the end of the analysis. As noted by *Fitness Holdings*, the circuits have taken different approaches in identifying the legal framework for this recharacterization. *Compare Lothian Oil*, 650 F.3d at 543 holding that, under the *Butner* principle, courts are required to define claims by reference to state law, and are thus required to recharacterize purported debt as equity where state law would treat the asserted interest as an equity interest with *SubMicron*, 432 F.3d at 454–56 holding that a court has the equitable authority to recharacterize a transaction and determine if it is more like debt" or "equity. See also *AutoStyle Plastics*, 269 F.3d at 749–50 (announcing an eleven-factor test, derived from federal tax law, for determining whether a purported debt is in fact equity.

This factor greatly affects the probability of success on the merits.

**B. Difficulties of Collection**

The Trustee does not know the financial condition of the Patmonts. Since they are individuals, they would have the option of filing their own bankruptcy if a judgment were obtained.

**C. Complexity of Litigation**

The question of how to classify debt as equity and vice versa is very complicated as illustrated by *Fitness Holdings*' comments.

**D. Interest of Creditors**

The settlement is in the best interest of the creditors because it will save administrative expenses. Counsel's fees in litigating this adversary to settlement are under five thousand dollars. If the matter were litigated to conclusion, then the expenses would be more, and there is no guarantee of success or collection.

In light of the foregoing, the Trustee respectfully requests that this Court approve the settlement.

Dated: This 11 day of December, 2015

By: ______________________________
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331